OPINION OF THE COURT
John J. Connell, J.
This is an appeal brought by the City of Rochester from a decision of the Small Claims Court of the City of Rochester dated March 7, 1986 (130 Misc 2d 203), awarding $35 in direct damages to the plaintiff, $150 in consequential damages and $500 in punitive damages against the defendant.
*515 The plaintiff brought this action in Small Claims Court in the City of Rochester against the Parking Violations Bureau of the City of Rochester. On May 13, 1985 the plaintiff was issued two traffic tickets on her car which was parked in front of 289 Hamilton Street in the City of Rochester. She received traffic tickets for an unregistered and uninspected motor vehicle. Her car was then towed by the City of Rochester Police Department or at their direction. She paid to the City of Rochester the sum of $35 to redeem her car. She brought action against the Parking Violations Bureau of the City of Rochester for $35 plus costs.
This court has fully reviewed the. record and finds no evidence upon which the court below could have assessed consequential damages. While this court recognizes that the strict rules of evidence sometimes are disregarded in the Small Claims Court pursuant to legislative and judicial mandate, this court still believes there needs to be proof of loss before damages can be awarded.
Accordingly, the decision of the lower court awarding consequential damages to the plaintiff herein is reversed.
It is well established that punitive damages may not be assessed against a municipality or any of its bureaus. This court finds that as a matter of law the Parking Violations Bureau of the City of Rochester is a duly authorized bureau of the city and therefore punitive damages may not be awarded herein. (Sharapata v Town of Islip, 56 NY2d 332 [1982].)
Accordingly, the decision of the court insofar as it awarded punitive damages against the Parking Violations Bureau of the City of Rochester is reversed.
The final issue before the court is the award of $35 against the city. It is apparently the lower court’s decision that the city ordinance authorizing the city’s action herein, to wit, Municipal Code of the City of Rochester § 111-72 is unconstitutional. The court below apparently overlooked section 111-72 as amended in 1985. Section 111-72 provides for both notice after towing and a prompt judicial review. This court finds that the section provides sufficient procedural guidelines to insure due process. (Mathews v Eldridge, 424 US 319 [1976].)
Accordingly, the decision of the lower court granting damages in the amount of $35 to the plaintiff on the grounds that the city’s towing statute was unconstitutional is reversed.